# DECISIONS.

OF THE

# Kentucky Court of Appeals.

## JANUARY TERM, 1899.

CASE 1—SETTLEMENT OF ASSIGNED ESTATE—MARCH 4, 1899.

## McNamara, Etc. v. Schwaniger.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. STATUTES, CONSTRUCTION OF.—The act of March 16, 1894, regulating assignments for the benefit of creditors, was properly held by the court below applicable to assignments made before the passage of the act, it appearing that it was the intention of the Legislature to apply the procedure to assignments theretofore made as well as those thereafter to be made.

2. SAME.—Section 93 of the Kentucky Statutes, providing for a confirmation of the assignee's report of settlement at the second term of the county court after the same has been made, is not self-enforcing, and an order of court is necessary before such report of settlement stands confirmed. Until such order is made the report stands open for exceptions upon showing cause or reasonable excuse for failing to except before the second term.

3. EXEMPTIONS—HOMESTEAD.—A party entitled to a homestead in money out of realty not divisible is entitled to the entire amount of one thousand dollars and the assignor has no right to deduct from that amount any sum due him from the assignor for rent of the assigned property.

4. ASSIGNMENTS FOR THE BENEFIT OF CREDITORS—EXCESSIVE ALLOWANCE.—Where the service rendered by the assignee for the benefit of creditors consisted in a sale of a single piece of real

estate and thirty shares of stock in a building and loan association in one lot, an allowance of $275 to the assignee for his services, and of $250 to his attorney was excessive. A reduction of one hundred dollars in each allowance would make the allowance to attorney and assignee reasonable.

5. APPEALS—ADJUSTMENT OF EQUITIES ARISING BY BALANCING ERRORS.—An error of $200 in the claim of the assignee against the assignor for rent of the assigned premises will be paid to the assignor out of the reduction in the allowances to the assignee and his attorney.

6. APPEALS—PARTIES.—The error complained of that the value of the potential right of dower of the assignor's wife was not estimated and paid to her will not be considered, she not being a party to the appeal.

H. M. WOODFORD FOR THE APPELLANT.

1. It was a reversible error on the part of the circuit court to refuse, as it did, to refer the case *de novo* to the Master Commissioner to take proof in order to have a more complete presentation of the facts, and a better preparation of the case, the court overruling motion of defendant and appellant, to which exception was taken at the time.

2. It was also a reversible error for the circuit court in this case on appeal to disregard section 88 of the Kentucky Statutes, and fail or refuse to certify its judgment to the county court or to make an order directing the county judge or court what order to have entered in the case.

3. Schwaniger never had the face or courage to resist the collection of the $200 rent on store which he had agreed to pay and which was a very low rent for the store part of the building, with all the fixtures and bakery included, until after he had fallen out with his assignee and sought the advice of attorney long after the making of the settlement.

4. As to motion and exceptions of the Chiles, Thompson & Co. debt, and reducing it to $12 from about $85, this was merely a clerical error and corrected on the face of the record.

J. J. CORNELISON FOR THE APPELLEE.

1. The assignor, Schwaniger, was entitled to the payment of his homestead in full.

2. The assignee, McNamara, was not entitled to collect the rent

McNamara, Assignee, &c., v. Schwaniger.

from the appellee after he had made a settlement in which he was not charged with it. Further, the appellee was not liable for rent of the property until his homestead had been assigned.

3. The allowance to the assignee for a credit of $3,208.05 as having been paid to the building and loan association is erroneous; he should only have had credit for $2,843.25. The allowances to the assignee and to his attorney were excessive.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

On August 31, 1893, the appellee made a deed of assignment to appellant of all his property for the benefit of his creditors; reserving to himself in the deed his homestead, and all his exemptions as a person with a family, under the exemption laws of the State. The whole of the assigned estate consisted of a three-story brick house and lot in Mt. Sterling, and a small stock of merchandise, which was appraised at $282.20. The appraisers found that Schwaniger's family consisted of eight persons, and that he had not sufficient provisions, etc., to sustain his family for one year, and set apart to him the whole of the inventory of personal property, amounting to $282.20, and, the real property being indivisible, allowed him a homestead of $1,000 in money, to be paid out of the proceeds. The real estate was incumbered by a mortgage to the National Home Building & Loan Association, and appellee was the owner of forty shares of stock therein, thirty of which were pledged as additional security for the mortgage. By agreement, the real estate was sold, free of lien and dower, together with the building association stock, in one lot, and appellant paid off the mortgage thereon. Creditors of the estate were duly advertised for, and on May 16, 1895, what was called a "final settlement" was made by the judge of the county court; the paper reciting that he "proceeded to finally settle and audit the accounts of P. McNamara, assignee of F. Schwaniger."

After the passage of the act of March 16, 1894, found in chapter 7 of the Kentucky Statutes, there appears to have been an effort to conform the proceedings, as nearly as might be, to the requirements of that act; and this, indeed, was proper, as the act appears to have been intended to apply to the procedure in assignments theretofore as well as thereafter made. The settlement with the county judge appears to have been intended to conform to section 93, Kentucky Statutes, for it appears to be conceded by counsel for appellee, though it does not appear in the record, that notice was published in a newspaper of the proposed application for a discharge. And here arises the first question for decision; it being claimed for appellant that section 78 applies, which provides that "an assignee may resign his trust upon settling his accounts, and the settlement shall be confirmed and the assignee discharged from liability at the second regular term of the court after the settlement has been filed, if no exceptions are filed thereto; if exceptions are filed, they shall be heard and determined by the court,"—and that, as no exceptions were filed at the second regular term of the court after the filing of this settlement, it became confirmed, as matter of law, and the assignee was discharged. A careful examination of the whole statute has led us to the conclusion that a very material change has been made by it in the procedure in respect to this subject. The county judge, as such, appears no longer to have anything to do with the settlement. Every thing to be done by him under the present act is done as the county court.

By section 91 provision is made for the assignee's administering oaths, examining witnesses touching claims, and allowing or refusing to allow any claim or part thereof. It is further provided

that at stated intervals' he shall file in the county court "a list of all claims presented to him, including those allowed, as well as those not allowed, with his reasons for refusing to allow them; and at the second regular term of the court held thereafter the report shall be confirmed, unless exceptions are filed thereto." We think the utmost effect that can be given to the settlement of May 16, 1895, is to consider it as a report under section 91; and, while it is true that no exceptions were filed at the second regular term after its filing, on the other hand there was no order confirming it. This, under the present statute, we consider essential to its finality. All the reports required by this chapter are made to the county court; and, while the statute says that, if no exceptions are filed within the prescribed time, they shall be confirmed, that necessarily means shall be confirmed by order of court. If not so confirmed by order of court, they remain open, and any party or creditor, though behind time, may, upon showing cause and reasonable excuse, be permitted to file exceptions, as was done in this case; and the county court, in our opinion, properly permitted the exceptions to be filed.

Exceptions were filed upon the ground that appellant had only paid to appellee the sum of $800 for his homestead, and were sustained by the judgment of the county court. Appellant contended that after the assignment the appellee became indebted to him in the sum of $200 for rent of the business part of the assigned property, and, after the sale of the lot, undertook to collect it by retaining it out of the money allowed appellee in lieu of homestead. The county court held—and properly—that this could not be done. A homestead allowed him in land would have been exempt from his debts, but no more ex-

empt than the money allowed him in lieu of homestead. Moreover, as the county court said, the rent claimed was about offset by the payments of appellee to the building and loan association on the mortgage debt after the assignment.    An appeal was taken to the circuit court, and a judgment of affirmance had there, from which judgment an appeal has been taken to this court.    There is also here a cross appeal by Schwaniger.

Appellant's contentions have been heretofore stated.

An injustice was worked against appellant by the settlement of May 16, 1895, in that it prorated the entire assets among the creditors, and appellant proceeded to pay them; and afterwards the judgment of the county court required him to pay an additional $200, for the payment of which out of the estate no provision was made.    The settlement, however, allowed the assignee $275 for his services, and $250 for the services of his attorney, each of which allowances is, in our opinion, manifestly excessive for the services rendered in this case; there being only two items of property to dispose of—the real estate and building and loan stock, which were sold in one lot.    If these allowances were each reduced $100, they would be about the proper size.

It appears, therefore, that there was no error to the prejudice of any substantial right of appellant.

Upon the cross appeal of Schwaniger there is little of importance to be considered.    His complaint of the excessive allowance to the assignee and counsel is offset by the allowance of $200 to him, which necessarily comes out of those allowances.    His complaint that the value of his wife's potential right of dower was not estimated and paid to her, though, according to his claim, her signature to the deed was obtained by a promise that it should be done,

can not avail, because Mrs. Schwaniger is not a party to the record. The other errors complained of on the cross appeal are immaterial. For the reasons stated, the judgment is affirmed upon the original appeal and the cross appeal.